# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JARRETT ROMERO NELSON, # K8198**                                         **PLAINTIFF**

**VERSUS**                                                         **CIVIL ACTION NO. 3:19cv796-CWR-LRA**

**BILLY SOLLIE, et al.**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court sua sponte. Pro se Plaintiff Jarrett Romero Nelson is a pretrial detainee at the Lauderdale County Detention Facility, and he challenges his arrest and conditions of confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Thomas Vann and Tonya Anderson are dismissed.

## BACKGROUND

Nelson is currently being held at the Lauderdale County Detention Facility on charges stemming from a domestic incident. The ten Defendants include Sheriff Billy Sollie and his employees, arresting officer Thomas Vann of the Meridian Police Department, and two jail nurses. Nelson claims he is being held on false charges and in unconstitutional conditions. He alleges denials of medical and dental treatment, contaminated food, and leaking water.

First, Nelson alleges that Officer Vann arrested him and charged him with felony stalking and aggravated assault-domestic violence. Nelson complains that the charges were false and based solely on the complainant's word. Nelson claims the charges were originally dropped but Vann brought them back again based on the same evidence. This time, Nelson was indicted. In addition, he contends Sheriff Sollie had "prior knowledge to [sic] [his] case." (Resp. at 1).

Since arriving at the jail, Nelson claims that Defendant Nurses Mary Joe and Daphne Bar will not give him all of his prescribed psychiatric medicines. Nurse Mary Joe is also allegedly denying him dental treatment. He claims that he has painful broken teeth that she has said need to be pulled, but he contends she refuses him the treatment because of his inability to pay for it.

Besides the medical and dental issues, Nelson alleges that, four times a week, the food trays have rocks and hair in them. He claims the trays are contaminated in this manner because the officers do not wear hairnets. Defendants Officer Tonya Anderson, Lieutenant Gowdy, and Officers Shaffer and Eagan have all allegedly served him such trays, but "I have not eaten them. They sometime[s] trade me out." *Id.* at 4.

Finally, Nelson alleges that the toilets and windows are constantly leaking water in the cells. Officers Shaffer and Eagan, Lieutenant Dowdy, and Sergeant Freeman allegedly told him "they couldn't do anything but give me a flood blanket . . . to help with the water coming from the windows." *Id.* The water has caused Plaintiff to fall, injuring his back.

Nelson brings this action under § 1983, claiming violations of the Fourth and Fourteenth Amendments. He brings false arrest claims against Sheriff Sollie and Officer Vann. Nelson asserts his denial of medical treatment claims against Sollie, Major Melissa McCarter, and Nurses Mary Joe and Bar and a denial of dental treatment claim against Sollie, McCarter, and Nurse Mary Joe. The food claims are brought against Sollie; McCarter; Officers Anderson, Shaffer, and Eagan; and Lieutenant Gowdy. The flooding claims are against Sollie, McCarter, Gowdy, Shaffer, Eagan, and Sergeant Freeman. Plaintiff seeks compensatory damages.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time

if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Nelson to proceed *in forma pauperis* in this action. The Complaint is subject to *sua sponte* dismissal under § 1915.

## THOMAS VANN

Nelson sues Officer Vann for arresting him on allegedly false charges based on the complainant's statement.

There "is no freestanding constitutional right" to be free from false charges. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). On the other hand, the knowing use of fabricated evidence may violate procedural due process or other constitutional rights. *Id.* at 953-54, 958. Officer Vann is not alleged to know that the charges are false. He merely believes the complainant's word over Nelson's. This claim is frivolous.

## TONYA ANDERSON

Officer Anderson is sued because she has allegedly served Nelson food trays with hair and rocks in the food. He admits he never ate this food.

3

"No Federal civil action may be brought by a prisoner confined in a jail . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code)." 42 U.S.C. § 1997e(e). Because he alleges no physical injury, this claim is barred by Title 42 U.S.C. § 1997e(e). *Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir. 2001).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claims against Defendants Thomas Vann and Tonya Anderson should be, and are hereby, **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 2nd day of January, 2020.

*s/ Carlton W. Reeves*
UNITED STATES DISTRICT JUDGE